IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| JOE HAND PROMOTIONS, INC., | | |
| | * | |
| Plaintiff, | | |
| | * | |
| v. | | Civ. Action No. 8:21-cv-00557-PX |
| | * | |
| MALCOLM HILL, *et al.*, | | |
| | * | |
| Defendant. | | |

\*\*\*

## MEMORANDUM OPINION

This matter is before the Court on the motion for alternative service filed by Plaintiff Joe Hand Promotions, Inc.  ECF No. 8.  Plaintiff requests permission to serve process on Defendants Malcolm Hill and Innovative Security Concepts, LLC, doing business as Invictus Cigars ("Invictus"), by alternative means.  ECF No. 8.  For the reasons stated below, the motion is GRANTED.

I.      **Background**

Joe Hand Promotions licenses televised sporting events to be broadcasted at bars, restaurants, and entertainment venues throughout the United States.  ECF No. 1 ¶¶ 7, 9.  One such program was the *Wilder vs. Tyson Fury* event which was scheduled to air on December 1, 2021.  *Id.* ¶ 1.  Hill owns and operates Invictus, and acts as its resident agent.

On December 18, 2021, Defendants provided their patrons with access to the Wilder-Tyson broadcast without Plaintiff's authorization.  ECF No. 1 ¶ 11.  Consequently, on March 4, 2021, Plaintiff filed suit, alleging that Defendants' unauthorized broadcast of the program

violated provisions of the Communications Act of 1934, as amended, 47 U.S.C. § 605 and the Cable and Television Consumer Protection and Competition Act of 1992, as amended, 47 U.S.C. § 553.  ECF No. 1 ¶¶ 16–17.

The case then lied dormant for several months.  On July 16, 2021, the Court ordered Plaintiff to show cause why the Complaint should not be dismissed for Plaintiff's failure to properly serve Defendants.  ECF No. 4.  On October 12, 2021, Defendants moved for alternate service, seeking permission to serve Hill individually and as the corporation's resident agent by mailing the summons and Complaint to his last known address.  ECF No. 8.  Because Hill appears to be evading service, and service at his place of business is equally futile, Plaintiff's motion shall be granted.

## II.    Standard of Review

Federal Rule of Civil Procedure (4)(e) provides that an individual may be served "pursuant to the law of the state in which the district court is located."  Fed. R. Civ. P. 4(e).  The Maryland Rules permit service on an individual in one of three ways: (1) serving the defendant personally; (2) leaving a copy of the summons, complaint, and other papers at the defendant's residence with another resident of suitable age; or (3) service via certified, restricted-delivery mail.  Md. R. 3-121(a).  However, if the plaintiff demonstrates by sworn affidavit that the defendant is evading service, the court may authorize a plaintiff to mail a copy of the summons, complaint, and all other documents to the defendant's last known residence and deliver a copy of each filed document to a person of suitable age at the defendant's place of business.  Md. R. 2-121(b).  Lastly, if a plaintiff's "good faith efforts" to serve the defendant according to section 2-121(a) fail, and service under section 2-121(b) is impracticable, the court may alternatively order

service by "any other means of service that it deems appropriate in the circumstances and reasonably calculated to give actual notice." Md. R. 2-121(c).

When a plaintiff requests an alternate method of service, the proposed method must satisfy constitutional standards for due process. *Luma v. Dib Funding, Inc.*, No. ELH-20-2504, 2021 WL 795152, at *2 (D. Md. Mar. 2, 2021) (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). At minimum, due process requires that "'notice is reasonably calculated, under all the circumstances, to apprise the interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Binks v. Collier,* No. DKC 19-0298, 2019 WL 2994697, at *1 (D. Md. July 9, 2019) (quoting *Mullane*, 339 U.S. at 314).

## III.   Discussion

Plaintiff asks permission to serve Defendants by mailing the Complaint and summons to Hill's last known residence. Because Hill is also the resident agent for Invictus, Plaintiff maintains that service in this manner would suffice for both Defendants. ECF No. 8 ¶ 6. In support of the motion, Plaintiff submits an affidavit from its process server, who attests that she had tried six separate times to effectuate personal service on Hill with no success. Specifically, the process server attempted to serve Hill at his home on March 13, March 21, and April 5, 2021. On the March 13 attempt, the individual who answered the door stated that Hill was not available. On March 21, the process server observed several cars in the driveway, yet no one answered the door. Similarly, on April 5, 2021, the process server knocked on the door and rang the doorbell but no one responded. ECF No. 8-1 at 1. The process server also attempted to serve Hill at Invictus on March 24, March 27, and April 5, 2021. ECF No. 8-1 at 1. Each time, no one was on site and the establishment appeared permanently closed with "[n]o activity seen and no people at [the] location." *Id.*

Plaintiff has demonstrated a good faith attempt to perfect service under Rule 2-121(a) through the above-described attempts to serve Hill at home and work.  Additionally, service pursuant to Rule 2-121(b) at Hill's place of business would be "impracticable" because Invictus appears to be closed indefinitely.  ECF No. 8-1 at 1; Md. R. 2-121(b)–(c).  Accordingly, the Court finds that alternative service is warranted.  *See* Md. R. 2-121(c).

The Court also finds that Plaintiff's proposed method of alternate service is reasonably calculated to provide Defendants with actual notice.  Hill appears to live at the residential address where service was previously attempted.  ECF No. 8-1 at 1 (certifying that an individual answered the door and stated that Defendant was not available).  Service by certified mail, return receipt requested, at that address is therefore "reasonably calculated to give actual notice" to both Defendants.  Md. R. 2-121(c); *see Binks*, 2019 WL 2994697, at *1.   The Court thus grants the motion.

## IV.    Conclusion

For the foregoing reasons, Plaintiff's motion for alternative service is GRANTED. A separate Order follows.

| | |
|---|---|
| ___10/28/2021___ | ___/S/___ |
| Date | Paula Xinis |
| | United States District Judge |